IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BENJAMIN WAYNE MERRING, :
:
    Petitioner :
: CIVIL NO. 4:CV-08-1903
:
v. : Judge John E. Jones III
:
LACKAWANNA COUNTY :
PRISON, et al., :
:
    Respondents. :

## MEMORANDUM

November 7, 2008

**BACKGROUND:**

Petitioner, Benjamin Wayne Merring, an inmate at the Lackawanna County Prison, Scranton, Pennsylvania, initiated this action by filing a pro se Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has paid the required filing fee. (See Rec. Doc. 4.)

Merring states that on June 18, 2008, he was convicted in the Lackawanna County Court of Common Pleas of one count of fleeing or attempting to elude a police officer. (Rec. Doc. 1 at 1.) On September 17, 2008, he was sentenced to a three (3) month term of incarceration, a three (3) month term of house arrest, and probation. (See id.) Merring indicates in his Petition that he intends to file a direct

appeal from his judgment of conviction. (See id. at 2.) For the reasons that follow the Court will dismiss Holmes' petition without prejudice for failure to exhaust state court remedies.

**DISCUSSION:**

As a general rule, a state prisoner must exhaust available state court remedies before seeking habeas relief in federal court. 28 U.S.C. §§ 2254(b), (c); Rose v. Lundy, 455 U.S. 509, 515-20 (1982); Toulson v. Beyer, 987 F.2d 984, 986 (3d Cir. 1993); Gibson v. Scheidemantel, 805 F.2d 135, 138 (3d Cir. 1986). "Unless it would be patently futile to do so [state prisoners] must seek relief in state court before filing a federal habeas petition . . . ." Santana v. Fenton, 685 F.2d 71, 77 (3d Cir. 1982).[1] The exhaustion requirement "is not a mere formality. It serves the interests of comity between the federal and state systems by allowing the state an initial opportunity to determine and correct any violations of a prisoner's federal rights." Gibson, 805 F.2d at 138.

A habeas corpus petitioner bears the burden of demonstrating that he has satisfied the exhaustion requirement. Lines v. Larkins, 208 F.3d 153, 159 (3d Cir.

---

[1] Exceptions to the exhaustion requirement are made when: (1) the state corrective process is so deficient as to render any effort to obtain relief futile, 28 U.S.C. § 2254(b); (2) acts of state officials have, in effect, made state remedies unavailable to the petitioner, Mayberry v. Petsock, 821 F.2d 179, 184 (3d Cir. 1987); or (3) "inordinate delay" in state proceedings has rendered state remedies ineffective. Story v. Kindt, 26 F.3d 402, 405 (3d Cir. 1994); Schandelmeier v. Cunningham, 819 F.2d 52, 55 (3d Cir. 1986).

2

2000) (citing Lambert v. Blackwell, 134 F.3d 506, 513 (3d. Cir. 1997)).

Merring has not exhausted his state court remedies. As is evident from the face of the Petition, on the date of filing, Merring still was within the time period to file a direct appeal.[2] In fact, the lower court docket reflects that Merring filed a timely notice of appeal to the Pennsylvania Superior Court on October 15, 2008.[3] Thus, the Court must allow the state proceedings to conclude before entertaining Merring's habeas petition.

While federal courts may deviate from the exhaustion requirement and intervene in highly exceptional circumstances, such an exception would be justified only if Petitioner lacked a real opportunity to obtain redress in the state court, or if the corrective process was so clearly deficient as to render futile any effort to obtain relief. See Duckworth v. Serrano, 454 U.S. 1 (1981). Petitioner cannot meet these stringent requirements to obtain premature federal review of his claim. First, Petitioner clearly has other avenues of redress in that he has filed a direct appeal, and following the disposition of that appeal, he still could file a petition under

---

[2] In Pennsylvania, a criminal defendant has thirty days from the date of his sentencing to file a direct appeal with the Superior Court. See 42 PA. CONS. STAT. § 9545(b)(3); PA. R. APP. P. 903(a); PA. R. CRIM. P. 720(A)(3).

[3] See Commonwealth v. Merring, Docket No. CP-35-CR-0002721-2007, available at http://ujsportal.pacourts.us/DocketSheets/CPReport.aspx?matterID=200768212

Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 PA. CONS. STAT. §§ 9541, et seq. See 42 PA. CONS. STAT. § 9545(b)(3) (stating PCRA petition shall be filed within one year of date judgment becomes final, which occurs at the conclusion of direct review or at the expiration of time for seeking review). These state actions may provide the relief sought in the instant Petition. Second, nothing contained in the Petition indicates that an inordinate delay in the adjudication of Petitioner's claims has occurred in the past or will occur. Finally, Petitioner neither has alleged nor shown any deficiency or irregularity in the state corrective process or other justification sufficient to warrant exemption from the exhaustion rule. Accordingly, the policy behind exhaustion would be best served by dismissing the Petition, without prejudice, to Petitioner's right to re-file promptly at the conclusion of state court proceedings.

However, to avoid the risk that a second section 2254 petition will be barred by the expiration of the one-year statute of limitations while petitioner is exhausting state court remedies, we must decide whether to stay the Petition rather than dismiss it. See Crews v. Horn, 360 F.3d 146 (3d Cir. 2004).

Under 28 U.S.C. § 2244(d)(1), a state defendant has one year to file a section 2254 petition. For our purposes, that period starts to run from the date the conviction becomes final, defined in section 2244(d)(1)(A) as "the date on which the judgment

4

became final by the conclusion of direct review or the expiration of the time for seeking such review." The limitations period also is tolled for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

Given the procedural history of Petitioner's state proceedings, we can dismiss the instant Petition rather than stay it because, even on the strictest calculation of the limitations period, Petitioner still has time to return to federal court after exhausting state court remedies, as Petitioner's judgment of sentence is on appeal to the Pennsylvania Superior Court and has yet to become final.

Based on Petitioner's failure to exhaust his issue in state courts, he has failed to make a showing of the denial of a constitutional right. Thus, a certificate of appealability will not be granted. However, Petitioner is advised that he has the right for thirty (30) days to appeal our Order denying his Petition, see 28 U.S.C. § 2253(a); Fed. R. App. P. 4(a)(1)(A), and that our denial of a certificate of appealability does not prevent him from doing so, as long as he also seeks, and obtains, a certificate of appealability from the court of appeals. See FED. R. APP. P. 22; 3D CIR. R. 22.1.

An appropriate Order shall issue on today's date.